UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY TRENT GARNER,<br><br>                Petitioner,<br><br>v.<br><br>WARDEN SMITH,<br><br>                Respondent. | Case No. 1:10-cv-00596-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Dkt. 15.) The parties have consented to a United States Magistrate Judge entering all orders, including final judgment, in accordance with 28 U.S.C. § 636(c). (Dkt. 11.) The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons that follow, Respondent's Motion will be granted in part and denied in part, and the third claim in the Petition will be dismissed as procedurally defaulted. The Court further concludes that while the first two claims are not procedurally defaulted, it plainly appears that Petitioner will not be entitled to relief on those claims,

**MEMORANDUM DECISION AND ORDER - 1**

and they will be dismissed unless Petitioner can show cause in response to this Order why they should be retained.

## BACKGROUND

In 2007, a grand jury returned an indictment charging Petitioner with two counts of lewd conduct with a child under the age of 16, based on evidence that Petitioner had sexual relations with his 12-year-old daughter. (State's Lodging A-1, pp. 6-7.) Petitioner agreed to plead guilty to one count of lewd conduct in exchange for the State's dismissal of the second count, and in exchange for a sentencing recommendation on the remaining charge of no more than 20 years in prison with 10 years fixed. (State's Lodging A-1, pp. 18-19, 23.)

At the change of plea hearing, Petitioner informed the trial court that he was satisfied with his lawyer's representation, that no one had threatened him or promised him anything, and that he had decided to plead guilty because he was "willing to accept responsibility." (State's Lodging A-5, p. 9.) Petitioner admitted that he had "genital to genital" and "oral to genital" contact with a child under the age of 16 "with the intent to gratify [his] own sexual desire." (*Id*. at 13.) Based on these responses, the trial accepted Petitioner's guilty plea as knowing, intelligent, and voluntary. (*Id*. at 17-81.) The court followed the sentencing recommendation and sentenced Petitioner to 20 years in prison with the first 10 years fixed. (State's Lodging A-6, p. 23.)

**MEMORANDUM DECISION AND ORDER - 2**

On direct appeal, Petitioner claimed that his sentence was excessive, but the Idaho Court of Appeals affirmed, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-4, B-7.)

Petitioner next filed an application for post-conviction relief in state district court. (State's Lodging C-1, pp. 4-22.) Among other issues, Petitioner contended that he "was never told that intent had to be proven." (*Id*.) He also claimed that his counsel did not insist that the prosecution provide evidence to corroborate the victim's allegations and that counsel lacked knowledge in "disability law." (State's Lodging C-1, pp. 5-6.)

The district court granted the State's motion for summary dismissal. (State's Lodging C-1, pp. 36-42.) In an unpublished opinion, the Idaho Court of Appeals affirmed. (State's Lodging D-4.) Petitioner's Petition for Review was denied by the Idaho Supreme Court. (State's Lodging D-6.)

Petitioner filed a Petition for Writ of Habeas Corpus in this Court on December 2, 2010. (Dkt. 1.) In his Petition, Petitioner raises three claims under the Sixth and Fourteenth Amendments, which the Court has construed as (1) an involuntary guilty plea based on prosecutorial misconduct, (2) an involuntary plea because of ineffective assistance of trial counsel, and (3) ineffective assistance of counsel during the direct appeal. (Dkt. 2, pp. 2-3.) Respondent has now responded to the Petition by filing a Motion for Summary Dismissal, in which Respondent argues that Petitioner did not

properly exhaust these same constitutional claims in the Idaho Supreme Court and, because it is too late to do so now, they are procedurally defaulted. (Dkt. 15.)

Petitioner has submitted a Response (Dkt. 19), and the Court is prepared to issue its ruling.

## STANDARD OF LAW

A habeas petitioner must first exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is considered to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

**MEMORANDUM DECISION AND ORDER - 4**

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish "cause" for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.

**DISCUSSION**

In this case, Respondent contends that Petitioner has failed to raise the same constitutional claims in the Idaho Supreme Court that he has included in his current Petition, and all claims are now procedurally defaulted. The Court agrees with Respondent that Petitioner did not present a claim of ineffective assistance of appellate counsel at any time in the state courts, and the third claim in the Petition will be dismissed on that ground. The Court disagrees, however, that the first two claims were not fairly presented to the Idaho Supreme Court.

While it is clear that Petitioner did not present any federal issues to the Idaho appellate courts in his direct appeal, he did raise claims in the post-conviction proceeding that are very similar to the first two claims that he has asserted here. On appeal in that proceeding, the Idaho Court of Appeals addressed the merits of a claim that Petitioner's trial counsel was ineffective by failing to inform him of the specific intent element of the crime. The Court of Appeals rejected that claim, determining that because Petitioner had been notified through other means that intent was an element, he could show no prejudice. (State's Lodging D-4, p. 4.) The Court of Appeals also turned aside Petitioner's

**MEMORANDUM DECISION AND ORDER - 5**

argument that the prosecutor and trial counsel failed to present evidence that the victim was "untruthful" because Petitioner had not come forward with any evidence that the victim had, in fact, been untruthful. (*Id*.)

Petitioner pursued these same general issues again in the Idaho Supreme Court. In his Petition for Review, Petitioner complained that his "plea [was] made unknowingly, unintelligently, and involuntarily - based on ignorance of available defenses . . . and pressured to plead 'guilty'" (State's Lodging D-5, pp. 1-2.) He again contended that he was unaware of the specific intent requirement of the crime for which he was convicted, which was essential to satisfy "Due Process." (*Id*. at 2.) Petitioner also asserted that his guilty plea was not "a valid waiver of trial or any other Constitutional protected fundamental rights guaranteed to all criminally accused defendants." (*Id*. at 3.)

Accordingly, although Petitioner may not have drafted his briefing with absolute precision, the Court concludes that his first and second claims are exhausted to the extent that he alleges that he did not voluntarily plead guilty because (a) his counsel did not explain to him that the State was required to prove the element of intent, and intent was not established, and because (b) neither the prosecutor nor defense counsel disclosed evidence that undermined the victim's veracity. Despite this conclusion, however, the Court sees no useful purpose in going forward in this matter because it plainly appears that Petitioner will not be entitled to habeas relief on the merits of these claims. *See* Rule

**MEMORANDUM DECISION AND ORDER - 6**

4 of the Rules Governing Section 2254 Cases (authorizing a district court to dismiss meritless petitions summarily).

The test for determining whether a guilty plea is valid is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (quotation marks omitted). "[T]he record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady v. United States*, 397 U.S. 742, 747 n. 4 (1970).

Part of Petitioner's involuntary guilty plea claim relies on an allegation that his appointed counsel did not represent him competently. To show constitutionally ineffective assistance of counsel, Petitioner must demonstrate (1) that his trial counsel's representation fell below an objective standard of reasonableness and (2) that Petitioner was prejudiced because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668, at 688, 694. In the guilty plea context, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Here, the record affirmatively discloses that Petitioner's guilty plea was knowing, intelligent, and voluntary and that he was not deprived of his constitutional right to the

effective assistance of counsel. The trial court's colloquy with Petitioner at the change of plea hearing was extensive, and Petitioner admitted during that colloquy that he was pleading guilty to "take responsibility" and because he had committed all of the acts alleged in the charge, which included oral to genital and genital to genital contact with a 12-year-old girl. (State's Lodging A-5.) The Indictment against Petitioner gave him notice early in the case that the these acts must be accompanied by "the intent to gratify the sexual desire of the Defendant," and at the change of plea hearing, Petitioner agreed with the trial court that he had engaged in the conduct "with the intent to gratify [his] own sexual desire." (State's Lodging A-1, p. 6; State's Lodging A-5, p. 13.) This is the specific intent element for the crime of lewd conduct and, regardless whether Petitioner's trial counsel explained that element to him, Petitioner had sufficient notice of the element through other means. More importantly, he admitted on the record that he had committed the acts against the victim with the requisite intent to gratify his sexual desires. To the extent that Petitioner may be laboring under the impression that the *victim's* intent had some relevance, he is mistaken.

The Court also concurs with the Idaho Court of Appeals that Petitioner has come forward with no evidence, beyond his own statements, that the victim was lying. Likewise, while there is no constitutional requirement that independent evidence corroborate a victim's allegations of sexual abuse, Petitioner's admissions to law

**MEMORANDUM DECISION AND ORDER - 8**

enforcement officers and again under oath when he changed his plea to guilty would certainly supply the necessary corroboration.

For these reasons, the Court concludes that the first and second claims, while not procedurally defaulted, plainly lack merit and are subject to dismissal. Because Petitioner has not yet had an opportunity to address the merits of these claims, the Court will not enter final judgment at this time. Within 30 days of the date of this Order, Petitioner shall file a written response showing cause why the first and second claims should not be dismissed for the reasons given herein.

**ORDER**

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 15) is GRANTED in part and DENIED in part. The third claim in the Petition for Writ of Habeas Corpus is DISMISSED with prejudice as procedurally defaulted.

2. The Court concludes that the first and second claims are also subject to summary dismissal as lacking in merit. Petitioner shall file a response to this Memorandum Decision and Order no later than 30 days from the date

\ \ \

\ \ \

\ \ \

of this Order, addressing why the remaining claims should not be dismissed. Petitioner should label his response "Motion to Proceed with Habeas Petition."



DATED:  **March 2, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge